UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD BRIDGES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-1066-G |
| | ) |
| VERNON CROCKER et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Now before the Court are various motions filed by Plaintiff Howard Bridges Jr., appearing pro se, relating to issues with service of process upon the defendants named in Plaintiff's Complaint. The motions are Plaintiff's Motion for Extension of Time (Doc. No. 12), Plaintiff's Motion for Relief (Doc. No. 13), Plaintiff's Motion for Relief Requesting a Default Judgment (Doc. No. 14), Plaintiff's Motion for Relief Requesting Alternative Method of Service (Doc. No. 15), and Plaintiff's Motion for Relief Requesting to Proceed Without Defendants Being Served (Doc. No. 16).

I.   *Background*

On November 3, 2021, Plaintiff filed his complaint in this matter alleging multiple causes of action relating to fraud against three individuals named as Defendants: Vernon Crocker, Frank Thomas, and Connor Frank. *See* Compl. (Doc. No. 1). Plaintiff alleges that these three individuals misrepresented facts to induce Plaintiff to send them approximately $8100. *See id.* at 1-3.

As of February 14, 2022, Plaintiff's 90-day period for service provided by Federal Rule of Civil Procedure 4(m) had expired, and there was no indication from the docket that

Plaintiff had obtained summons or perfected service of this lawsuit on any defendant. *See* Fed. R. Civ. P. 4(*l*)(1). Plaintiff had filed forms titled Waiver of the Service of Summons (Doc. Nos. 3, 4), but there was no indication from the filed forms that any defendant had waived service. The Waiver of Service of Summons forms filed on November 3, 2021 (Doc. No. 3) are each signed by Plaintiff, not by a defendant. The Waiver of Service of Summons forms filed on December 29, 2021 (Doc. No. 4) contain blank signature lines. The filed forms therefore did not establish that any defendant has waived service pursuant to Federal Rule of Civil Procedure 4(d). Nor had any defendant answered or otherwise indicated that he was aware of Plaintiff's lawsuit.

Accordingly, the Court directed Plaintiff to show cause in writing, within 14 days, why his claims against Defendants should not be dismissed. *See* Order of Feb. 14, 2022 (Doc. No. 5) at 1. Plaintiff promptly responded to the Court's Order on February 16, 2022, stating that he had "the summons ready to send immediately" and requesting that the Court not dismiss his action. Pl.'s Resp. (Doc. No. 6) at 1. The docket reflects that summonses were issued the same day for each of the three named defendants. *See* Doc. No. 8.

On March 3, 2022, Plaintiff filed a letter that was purportedly written and signed by Defendant Crocker, addressed to Plaintiff and dated January 20, 2022. *See* Letter (Doc. No. 9). In the Letter, Defendant Crocker states that he did not have any involvement in the actions alleged in Plaintiff's Complaint and speculates that someone may have used his identity to contact Plaintiff to defraud him. *See id.* at 1. The Letter bears a header that reads

"Answer and Request for Dismissal." *Id.*[1]  Regardless of the purported intent of the Letter, because this document was filed by Plaintiff, the Court cannot accept or construe the letter as a responsive pleading on behalf of Defendant Crocker.

On May 3, 2022, the Clerk of Court entered forms titled Process Receipt and Return, indicating that the United States Marshals Service attempted to serve Defendant Crocker and Defendant Thomas on three separate occasions each and that the summonses were returned unexecuted because Defendant Crocker and Defendant Thomas were unable to be located at the address provided by Plaintiff.  *See* Doc. Nos. 10, 11.[2]

On May 12, 2022, Plaintiff filed a Motion for Extension of Time (Doc. No. 12), stating that he had sent Defendant Crocker a Waiver of the Service of Summons together with a copy of his Complaint by mail.  With his Motion, Plaintiff attaches (1) an unsigned copy of a Waiver of the Service of Summons form; (2) a photocopy of a United States Postal Service receipt addressed to Vernon Crocker, with the receipt field signed "V.C." and a date of delivery of January 5, 2022; (3) a copy of the January 20, 2022 letter signed "Vernon B. Crocker"; (4) a photocopy of an envelope from Vernon Crocker to Plaintiff bearing a date of January 24, 2022; (5) a copy of the United States Marshals Service form indicating that the summons for Defendant Crocker was returned unexecuted because he was unable to be located; and (6) a letter from the United States Marshals Service dated May 3, 2022, stating that "[u]nfortunately, our agency was not able to locate the party/parties named in your

---

[1] Plaintiff subsequently filed an exhibit that appears to be the same letter that does not contain the header, *see* Doc. No. 12-3.  It is therefore unclear whether this header was originally included in the Letter or added later by someone other than the author.

[2] There is not a corresponding form filed on the docket for Defendant Frank.

3

complaint. Therefore, the Proof of Service is being returned unexecuted." *See* Doc. Nos. 12-1, 12-2, 12-3, 12-4, 12-5, 12-6.

On July 27, 2022, Plaintiff filed a motion for relief, requesting that (1) default judgment be entered against Defendant Crocker, (2) Plaintiff be permitted an alternative method for serving Defendant Crocker, and (3) the requirement of service be excused as to all Defendants. On December 27, 2022, Plaintiff filed three additional motions, separately requesting the same relief set forth in the July 27, 2022 Motion. *See* Pl.'s Mot. Relief Req. Default J. (Doc. No. 14); Pl.'s Mot. Relief Req. Alternative Method of Service (Doc. No. 15); Pl.'s Mot. Relief Req. to Proceed Without Defs. Being Served (Doc. No. 16).

## II.   Discussion

### A.   *Plaintiff's Motion for Extension of Time*

Plaintiff moves for an extension of time to perfect service under Federal Rule of Procedure 4(m). *See* Pl.'s Mot. (Doc. No. 12) at 1.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that a pro se plaintiff is "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiff's failure to complete proper service upon a defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent sufficient justification for this failure. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action

4

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

### 1. *Defendant Frank Thomas and Defendant Connor Frank*

In consideration of Plaintiff's prompt written response to the Court's Order and Plaintiff's expressed desire to prosecute this case, the Court allowed Plaintiff additional time to attempt service of the summonses issued on February 16, 2022. As of the date of this Order, however, there is no indication that Defendant Thomas or Defendant Frank has been served with a summons and the Complaint or that Defendant Thomas or Defendant Frank is otherwise aware of Plaintiff's lawsuit. The Court finds that Plaintiff has now had ample time and opportunity to complete service upon Defendants Thomas and Frank, and that it appears that Plaintiff is unable to do so. Plaintiff, moreover, does not address Defendants Thomas and Frank in his Motion for Extension, request an extension for service as to Defendants Thomas and Frank, or demonstrate any likelihood that he will be able to locate Defendants Thomas and Frank to complete service.

Notwithstanding Plaintiff's failure to serve Defendants Thomas and Frank, the Court still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842.

Here, the Court finds no policy considerations meriting additional time for service. Plaintiff has made no request for additional time or assistance with service as Defendants

5

Thomas and Frank.[3]  Indeed, Plaintiff was able to submit a request for service through the United States Marshals Service.  It is therefore apparent that service has not been completed as to Defendants Thomas and Frank because their whereabouts are unknown and not because of confusion or misunderstanding regarding the process for service.  Further, a dismissal under Rule 4(m) would not necessarily bar the refiling of Plaintiff's claims.  Oklahoma's "savings statute" may save Plaintiff's claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes.  *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018).  In other words, Plaintiff may be able to refile his claims against these Defendants within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

The Court therefore finds that there is not "good cause" at this time to extend the time for service for Defendants Thomas and Frank.  Fed. R. Civ. P. 4(m).  The Court finds that dismissal of Defendants Thomas and Frank under Rule 4(m) is warranted in these circumstances, and the Court discerns no other policy considerations that might warrant a permissive extension for these Defendants.  Further, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded ample opportunity to serve Defendants Thomas and Frank to avoid dismissal.

---

[3] Plaintiff's request for an alternative method of service as to Defendant Crocker is addressed below.

*2. Defendant Vernon Crocker*

Because it appears from the record that Plaintiff has been able to locate and contact an individual he believes is the defendant identified in this action as Vernon Crocker, the Court finds good cause to extend the time for Plaintiff to complete service under Federal Rule of Civil Procedure 4(m) as to this defendant. The Court therefore GRANTS Plaintiff's Motion for Extension of Time (Doc. No. 12) as to Defendant Crocker.

The time in which Plaintiff must serve Defendant Crocker, in compliance with the requirements in Federal Rule of Civil Procedure 4, is hereby extended to April 28, 2023. Plaintiff is cautioned, however, that if he fails to perfect service of this lawsuit on Defendant Crocker and file proof of service in compliance with Federal Rule of Civil Procedure 4(*l*)[4] by April 28, 2023, no further extensions shall be granted absent a renewed showing of good cause.

B. *Plaintiff's Motions for Relief*

Plaintiff makes three requests in his July 27, 2022 and December 27, 2022 Motions, which the Court will address in turn.

First, Plaintiff requests that this case proceed without service on any defendant because the defendants have "avoided service intentionally." This request is DENIED. Service of a summons and complaint is required under the Federal Rules of Civil Procedure, and this requirement may not be waived by the Court on behalf of a defendant.

Second, Plaintiff requests the Court enter a default judgment against Defendant

---

[4] Rule 4(*l*)(1) prescribes that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1).

7

Crocker. This request is DENIED. A defendant's obligation to serve a responsive pleading is triggered by either the filing of a waiver of service signed by the defendant or the proper service of the summons and complaint. *See* Fed. R. Civ. P. 12(a). The Court may not enter a default for failure to plead or defend against a defendant who has not been served or waived service. *See id.* R. 55(a).

Finally, Plaintiff requests to use an alternative method of service upon Defendant Crocker. This request is DENIED, as Plaintiff provides no details on what method of service he is requesting or the rule or statute permitting him to do so. The Clerk of Court is directed to mail to Plaintiff a copy of the Court's Service Packet, which contains guidance for pro se litigants on service under the Federal Rules of Civil Procedure. The Service Packet, as well as other resources for pro se litigants, is also available on the United States District Court for the Western District of Oklahoma website at https://www.okwd.uscourts.gov/self-representation/.

## CONCLUSION

Based on the foregoing, Defendant Frank Thomas and Defendant Connor Frank are hereby DISMISSED from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff's Motion for Extension of Time (Doc. No. 12) is GRANTED as to Defendant Crocker. Plaintiff must serve Defendant Crocker and submit proper proof of service in compliance with the requirements of Federal Rule of Civil Procedure 4 no later than April 28, 2023.

Further, the Court DENIES Plaintiff's Motion for Relief (Doc. No. 13), Plaintiff's

Motion for Relief Requesting a Default Judgment (Doc. No. 14), Plaintiff's Motion for Relief Requesting Alternative Method of Service (Doc. No. 15), and Plaintiff's Motion for Relief Requesting to Proceed Without Defendants Being Served (Doc. No. 16).

IT IS SO ORDERED this 28th day of March, 2023.

CHARLES B. GOODWIN
United States District Judge