UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HOWARD BRIDGES, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-21-1066-G |
| | ) |
| **VERNON CROCKER,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

On November 3, 2021, Plaintiff Howard Bridges Jr. filed his complaint in this matter alleging multiple causes of action relating to fraud against three individuals named as defendants: Vernon Crocker, Frank Thomas, and Connor Frank. *See* Compl. (Doc. No. 1). Plaintiff alleges that these three individuals misrepresented facts to induce Plaintiff to send them approximately $8100. *See id.* at 1-3.

I. Background

As of February 14, 2022, Plaintiff's 90-day period for service provided by Federal Rule of Civil Procedure 4(m) had expired, and there was no indication from the docket that Plaintiff had obtained summons or perfected service of this lawsuit on any defendant. *See* Fed. R. Civ. P. 4(*l*)(1). Accordingly, the Court directed Plaintiff to show cause in writing, within 14 days, why his claims against Defendants should not be dismissed. *See* Order of Feb. 14, 2022 (Doc. No. 5) at 1.

As outlined in the Court's Order of March 28, 2023 (Doc. No. 17), Plaintiff responded and ultimately requested additional time to perfect service upon each of the three defendants. The Court denied an extension as to Defendant Thomas and Defendant Frank, finding that

Plaintiff had not shown good cause for his failure to serve and that a permissive extension of time was not warranted under Rule 4(m). *See id.* at 5-6.

As to Defendant Crocker, the Court found good cause and granted Plaintiff an extension, directing that Plaintiff must serve Defendant Crocker in compliance with Rule 4 no later than April 28, 2023. *See id.* at 8. The Court further advised: "Plaintiff is cautioned . . . that if he fails to perfect service of this lawsuit on Defendant Crocker and file proof of service in compliance with Federal Rule of Civil Procedure 4(*l*) by April 28, 2023, no further extensions shall be granted absent a renewed showing of good cause." *Id.* at 7 (footnote omitted).

## II. *Discussion*

As of this date, Plaintiff has not submitted proof of service as to Defendant Crocker, requested an extension of his deadline, or otherwise contacted the Court. Plaintiff therefore has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service by the extended deadline, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m).

Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex

2

requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no further request for additional time or assistance with service. Defendant Crocker is not a federal officer, and Plaintiff is not proceeding *in forma pauperis*. Further, assuming Plaintiff's statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of certain of Plaintiff's claims. Oklahoma's "savings statute" may save certain claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile such claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2. Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case.

Finally, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded an opportunity to justify his failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all remaining claims alleged in Plaintiff Howard Bridges Jr.'s Complaint (Doc. No. 1) for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 28th day of February, 2024.

_____
CHARLES B. GOODWIN
United States District Judge